# STONE

*v.*

# THE CHESAPEAKE AND COLUMBIA INVESTMENT COMPANY.

PLEADING AND PRACTICE; DEMURRER; COMITY; CORPORATIONS; PROMISSORY NOTES; STATUTORY CONSTRUCTION.

1. On an appeal by the defendant from a judgment entered after a general demurrer to a plea in abatement had been sustained, and the defendant has elected not to plead further, any question of law proper to have been considered by the court below, whether it was actually considered or not, may properly be considered by this court; and Rule V of this court providing that "in no case will the court decide any point or question that was not fairly presented for decision by the court below" has no applicability under such circumstances. The questions contemplated by that rule are questions raised by and upon the record, and not merely questions of law advanced in argument.

2. A statute of another jurisdiction, the apparent effect of which is to interfere with the due administration of justice in this District, and therefore to concern the matter of remedy rather than that of right, must be plainly shown to be properly applicable to the substantial rights of the parties before it will be allowed effect here.

3. Where in a suit in this District by a Virginia corporation as the holder of a promissory note against the maker of the note, the defendant pleads in abatement that the plaintiff corporation was prohibited from exercising any rights under its charter, because of its failure to comply with a statute enacted in Virginia after the incorporation of the plaintiff, and after the making and delivery of the note sued upon, which statute provided that all corporations of that State, except those organized for works of internal improvement, should certify to the clerk of the county or corporation court within thirty days after each annual meeting, a list of officers and directors elected at such meeting, and if the officers and directors of any such company were non-residents, it should appoint a local attorney upon whom process might be served, the

defendant's plea is demurrable if it fails to show that the plaintiff corporation is such a corporation as was within the purview of the statute in question.

4. Whether such a statute has any extraterritorial force and effect and whether it is constitutional with reference to previously existing contracts, if it be sought to apply it to such contracts, *quære.*

5. While ordinarily the title of a statute is no part of the statute, in Virginia the title is an integral part of every enactment, under article V, section 15 of the statute of that State, providing that "no law shall embrace more than one object, which shall be expressed in its title."

No. 932.    Submitted January 5, 1900.    Decided January 17, 1900.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, entered after a demurrer to a plea in abatement had been sustained, and the defendant had elected not to plead over. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. John Ridout* for the appellant.

*Mr. Geo. E. Hamilton* and *Mr. M. J. Colbert* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

This is a suit instituted in the Supree Court of the District by the appellee, The Chesapeake and Columbia Investment Company, of the State of Virginia, a body corporate organized under the laws of that State, to recover from the appellant, David D. Stone, the amount of a promissory note for $2,000, less a credit thereon of $279.10, which promissory note had been executed by Stone to the order of N. H. Shea, treasurer of the company, and by Shea duly indorsed to the company. The declaration was in assumpsit, and was supported by affidavit. The defense was a plea in abatement to the effect that, on March 3, 1898, after the organization of the company, and after the execution and delivery of the note in suit, which bore date on December

4, 1897, and was payable in three months thereafter, there was enacted by the State of Virginia a statute which required certain companies incorporated in that State to certify within thirty days after each annual meeting to the clerk of the county or corporation court where the principal office of the company was located, a list of the officers and directors of the company elected at such annual meeting; and, further, that when the officers and directors of any such company were non-residents of the county or corporation, it should appoint some practicing attorney at law, resident in the county or corporation where the principal office of the company was located, as the attorney or agent of the company, upon whom all legal process might be served, and who should be authorized to enter an appearance for it; and which statute further provided that, upon failure of any company to comply with these requirements, it was prohibited from exercising any rights whatever under its charter of incorporation until the provisions of the act should have been complied with; that the plaintiff company, on November 1, 1898, had held its annual meeting at Alexandria, in the State of Virginia, where its principal office is located, and had then and there elected officers and directors, all of whom were non-residents of the State, and had not within thirty days thereafter, or at any time before the time of the filing of the plea, certified a list of such officers and directors to the clerk of the county or corporation court, and had not appointed any attorney for it to receive service of process and to appear on its behalf; and, therefore, that the plaintiff was not entitled to maintain the present suit. This plea was supported by an affidavit sustaining the statements contained in it, but having no reference to the general merits of the action.

To this plea a demurrer was interposed on behalf of the plaintiff; and the demurrer was sustained by the court, with leave to the defendant to plead farther within twenty days. But the defendant failed to plead further, and elected

to stand by his plea in abatement; and thereupon judgment was entered for the plaintiff, from which the defendant has appealed.

It is urged on behalf of the appellant that the only question for our consideration is that which is suggested by the ground of demurrer specially assigned in the court below; and that is, whether the statute of Virginia set forth in the plea of abatement has any extraterritorial effect. And in support of this position is cited the third section of Rule V of this court, which provides that "in no case will this court decide any point or question that was not fairly presented for decision by the court below." But there is evident misapprehension of the scope and purpose of this rule. The question presented in this case for decision by the court below was not whether a certain statute of the State of Virginia was entitled to have any extraterritorial force; but whether a certain plea in abatement interposed as a defense to the action was a sufficient defense in law. Of course, every proposition of law assigned in support of a demurrer or against it may be said to raise a question of law for determination both by the court below and by this court. But plainly the rule is not intended to refer to such questions as those. If it were otherwise, we might be called upon to reverse a perfectly good judgment, because perchance an insufficient reason or an untenable ground might have been assigned for its rendition. The questions contemplated by the rule are questions raised by the record and upon the record, and not merely questions of law advanced in argument.

Moreover, it is apparent from the record itself that the question of the extraterritorial force to be given to the statute of Virginia in this case was only "one of the matters intended to be argued in support of the demurrer." The demurrer was a general demurrer; and in support of it might be adduced any reason or ground whatever, supposed to be good in law, to show the legal insufficiency of

the defendant's plea; although, in order to prevent surprise upon the other side, and likewise to prevent the introduction of frivolous demurrers, the rules of the Supreme Court of the District very properly require that to every demurrer there should be appended a statement of some substantial matter of law intended to be argued, and that a demurrer without such statement, or with only a frivolous statement, might be set aside and judgment entered as for want of plea.

Any question of law, therefore, proper to have been considered in the court below under the general demurrer, whether it was actually considered or not, may properly be considered here on this appeal. And we find that there is more than one such question in this case.

In the first place, it is urged on behalf of the appellee, in accordance with the ground of demurrer specially assigned in the court below, that the statute of Virginia set up in the defendant's plea has no extraterritorial force; that it is penal in its nature, and incapable of application outside of the State of Virginia. In the next place, it is contended that, even if the statute could properly be enforced in the District of Columbia, no sufficient facts are stated in the plea whereby to bring this case within the operation of the statute. And there is likewise grave question of the constitutionality of the enactment, if it be assumed to be applicable to contracts entered into before the statute was passed, such as the contract is which is sought to be enforced in the present suit, upon which even a right of suit had accrued long before the occurrence of any default by the plaintiff under the provisions of the statute.

Questions of great nicety and importance are presented by the first and third of these contentions; but we do not deem it necessary to determine them in the present case. We would only say that a statute of another jurisdiction, the apparent effect of which is to interfere with the due administration of justice in this District, and therefore to concern the matter of remedy rather than that of right, should be

very plainly shown to be properly applicable to the substantial rights of the parties before it can be allowed to have effect in this jurisdiction. But without determining these questions, we may rest our decision in this case exclusively on the view which we take of the facts set forth in the plea of abatement.

The act of Virginia of March 3, 1898, which has been invoked in this case, by its express terms has reference to corporations organized under the general incorporation laws of that commonwealth, other than those incorporated for works of internal improvement; and the plea fails to state that the plaintiff is such a corporation as is within the purview of the act. It does not appear, either from the name of the corporation itself or anywhere from the record, what the purpose was of its incorporation. The charter of incorporation is not given; nor is there any intimation of the scope of its business. In fact, we are told in argument that it was and is a corporation organized for works of internal improvement, and is therefore one of that class of corporations specially and in express terms exempted from the operation of the act of March 3, 1898. But whatever be the fact, it was at all events incumbent on the defendant to allege, and, if the allegation was put in issue, to prove, that the plaintiff was not within the exemption, and was in fact one of the class or classes of corporations intended to be affected by the act. We have no judicial knowledge, no knowledge at all, in fact, of the provisions of the plaintiff's charter of incorporation. We know nothing whatever from the record of the kind of corporation that it is. We only know that it is a corporation, entitled, in the absence of express restriction, to make the contract here sued on, and entitled in general to sue and to be sued in respect of such contracts. In order that it should become liable to the prohibitions and the penalties of the act of March 3, 1898, it was clearly necessary that it should have been made to appear affirmatively on the record that it was one of the

class of corporations covered by the act. This could have been done by appropriate allegation to that effect or by setting forth the tenor in that regard of the charter of incorporation. But we have neither allegation nor charter of incorporation in the record. The allegation is that the plaintiff is a corporation under the general incorporation laws of the State of Virginia; but that does not suffice to make it amenable to the provisions of the act of March 3, 1898. Only those corporations are so amenable which are not incorporated for works of internal improvement. The allegation, therefore, is plainly insufficient.

It is argued, however, on behalf of the appellant, that two of the four sections into which the act of March 3, 1898, is divided, are general in their application to all corporations organized under the general incorporation laws of the State, and are not confined to such as are not organized for works of internal improvement. An analysis of the act, however, indicates to us that this proposition is untenable.

The title of the act is "An act to require all companies, other than those incorporated for works of internal improvement, incorporated under the general incorporation laws of this Commonwealth, to file annually a list of their officers and directors, and in cases where the officers and directors are not residents of the county or corporation where the principal office of the company is located, to appoint resident attorneys or agents, and to prohibit them from exercising their charter privileges until the requirements of this act shall have been complied with." Now, so far as this title is concerned, the scope of the act is very plain. No one of its provisions is intended to apply to corporations organized for works of internal improvement. And it is equally clear and beyond all question, that the first section of the act, which requires a certificate of the list of officers and directors elected at each annual meeting to be filed with the clerk of the county or corporation court, by its express terms excludes incorporated companies organized for works of internal improvement from the requirements of the act·

But, in the second section of the act, which is the section that requires the appointment of a resident attorney or agent to represent the company, when its officers and directors are all non-residents of the county or corporation, there is no express exclusion of companies organized for works of internal improvement. The provision of this section is, "that every incorporated company heretofore or hereafter chartered under the general incorporation laws of the State of Virginia, all of whose officers and directors are non-residents of the county or corporation in which its principal office is located, shall be required annually by written power of attorney to appoint some practicing attorney at law residing in the county or corporation where the principal office of the said company is located, its attorney or agent, upon whom all legal process against the company may be served, and who shall be authorized to enter an appearance on its behalf. Such power of attorney shall be recorded in the clerk's office of the county or corporation where the principal office of said company is located." The language, as it is perceived, is apparently more general than in the first section, if we assume that the exception of companies organized for internal improvement was not intended to be carried into this second section of the act; and upon this apparently broader scope of the second section the argument on behalf of the appellant is based.

But if we had any doubt that this second section is to be confined in its operation to the same class of corporations that is intended in the first section, all such doubt would be removed by the title of the act, which is proper to be considered in the present connection, and by the terms of the third section, which provides "that any such company failing, after the passage of this act, to comply with the provisions of the two preceding sections be, and the same is hereby, prohibited from exercising any rights whatever under its charter of incorporation until the provisions of this act shall have been complied with," and from which it is very evident that it is the same class of com-

panies or corporations that is intended in both sections.

We regard the title of the act, however, as decisive of the question. For although ordinarily the title of an act is no part of the act, and sections of an act which may stand alone can be regarded as independent enactments, yet this rule can not apply to the statute now before us, inasmuch as the constitution of the State of Virginia (Art. V, Sec. 15) provides that "no law shall embrace more than one object, which shall be expressed in its title," and necessarily makes the title an integral part of every enactment.

We are reluctant to construe the legislative enactments of another jurisdiction, and we do so in this instance with great hesitation. But we have no interpretation of the statute in question from the courts of Virginia; and the statute itself is pleaded, not so much as a statute of which we would have to take judicial cognizance and to which we would have to give the judicial interpretation proper to be given of legislative enactments, but as a document or fact with reference to which the parties to the suit are assumed to have contracted, and which, therefore, enters into their contract and virtually becomes a part of it. The document, therefore, is to be taken in its entirety, and it was properly pleaded in its entirety; and when so considered, it is quite clear that there is neither doubt nor difficulty about its meaning. Assuming it to be free from the taint of unconstitutionality with reference to previously existing contracts, if it be sought to apply it to such contracts, and assuming it to be entitled to extraterritorial force and effect, upon both of which points we refrain from expressing any opinion, we think that it is not shown by the averments of the plea that the provisions of the statute are applicable to the plaintiff corporation. The plea is, therefore, defective and insufficient as a defense to the action; and the demurrer to it was properly sustained.

From what we have said it follows, in our opinion, that the judgment appealed from was right and proper, and that it should be *affirmed, with costs.   And it is so ordered.*